UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HICKORY FOODS, INC., et al.,

    *Plaintiffs*,

v.

ALEJANDRO MAYORKAS, et al.,

    *Defendants*.

Civil Action No. 1:21-cv-1196 (CJN)

## MEMORANDUM OPINION

Hickory Foods, Inc. submitted a petition with the Department of Homeland Security to hire a foreign worker. *See generally* Compl., ECF No. 1. Homeland Security denied the petition because it failed to include all the required documentation. *Id.* The company's subsequent efforts to correct the failure proved futile because a component of the petition known as the "labor certification" had expired by the time of resubmission. *Id.* Hickory Foods asserts various reasons why the Government's failure to approve the petition is unlawful. *See generally id.* The Government has moved to dismiss the complaint. *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 9. The Court grants the Government's Motion for reasons that follow.

### I.    Statutory Background

The Immigration and Nationality Act allocates a certain number of employment-based immigrant visas to be issued every year depending on the relevant preference category. *See* 8 U.S.C. § 1153(b). The category relevant here consists of three classifications: skilled workers, professionals, and other workers. *Id.* § 1153(b)(3). Though Homeland Security has primary responsibility over the administration of the INA, Congress has granted the Labor Department a significant role in deciding under what circumstances an employer may employ foreign workers.

1

*See id.* § 1182(a)(5)(A)(i).  All said, the statutory framework that forms the backdrop for the process relevant here involves two agencies and three steps.

Step one involves the employer obtaining a "labor certification" from the Labor Department.  *Id.* § 1153(b)(3)(C).  The governing regulation provides that "an employer who desires to apply for a labor certification on behalf of an alien must file a completed Department of Labor Application for Permanent Employment Certification form (ETA Form 9089)."  20 C.F.R. § 656.17(a)(1).  It also states that Homeland Security "will not process petitions unless they are supported by an original certified ETA Form 9089 that has been signed by the employer, alien, attorney and/or agent."  *Id.*; *see also id.* ("Incomplete applications will be denied.").  Once the Labor Department issues a labor certification, it remains valid for 180 days from date of certification.  20 C.F.R. § 656.30(b)(1); 8 U.S.C. § 1182(a)(5)(A)(i) (explaining that the Labor Department certifies (1) that hiring an alien "will not adversely affect the wages or working conditions" of similarly situated domestic workers, and that (2) an insufficient number of "qualified" domestic workers exist on the job market).

At step two, after the Labor Department grants a labor certification, the employer must file something called a Form I-140 petition with Homeland Security.[1]  The applicable regulation provides that a Form I-140 petition is "properly filed" when it is, among other things, "[a]companied by any required individual labor certification."  8 C.F.R. § 204.5(a)(2).  Homeland Security may deny a petition for failure to submit requested evidence or supporting documents in

---

[1] Technically, the employer files the paperwork with Citizenship and Immigration Services (a subagency of Homeland Security).

accordance with the federal rules and regulations.  8 C.F.R. § 103.2(b)(8)(ii).  The employer-petitioner bears the burden of establishing the alien's eligibility for the visa.  *See* 8 U.S.C. § 1361.

At step three, once the government accepts the Form I-140 petition, the alien beneficiary may file a Form I-485 petition for adjustment of status to legal permanent resident.  *See id.* § 1255; 8 C.F.R. § 245.2(a)(2).  Though it can be filed concurrently with a Form I-140 petition, the Form I-485 petition for adjustment of status cannot be acted upon until Homeland Security first approves the Form I-140 petition.  *See* 8 U.S.C. § 1255(a).

## II. Factual Background

In 2019, Hickory Foods offered Lucienne Nicole Solange De Jesus the position of New Product & Quality Specialist based out of its headquarters in Jacksonville, Florida.  Compl. ¶ 5.  She received the offer of employment in large part because of her advanced degree in Management Information Systems and her lengthy work experience.  *Id.*  De Jesus, like her husband Rustico Jenaro De Jesus, is not a citizen of the United States.  *Id.*  The couple instead call their native Netherlands home.  *Id.* ¶¶ 5–7.

Hickory Foods sought authorization from the federal government, under the statutory framework governing the employment of foreign workers, to hire De Jesus.  *Id.* ¶ 20.  The company filed an application for a labor certification with the Labor Department on September 17, 2019.  *Id.*  The Labor Department certified the application on July 2, 2020, rendering the labor certification valid until December 29, 2020.  *Id.* ¶ 21.

On December 23, 2020, just six days before the labor certification was set to expire, Hickory Foods filed a Form I-140 petition with Homeland Security.  *Id.* ¶ 22.  De Jesus and her

husband also filed concurrent Form I-485 petitions in anticipation of adjusting their status to that of lawful permanent residents. *Id.* ¶ 21.

On December 30, 2020, the day after the labor certification expired, Homeland Security rejected Hickory Food's Form I-140 petition without prejudice because the company had failed to include all the pages of the ETA Form 9089. *Id.*; *see* Pls.'s Opp'n to Defs.'s Mot. to Dismiss ("Pls.'s Opp'n"), ECF No. 10 at 2 (acknowledging that pages 13 through 17 were missing from the ETA Form 9089). Soon after receiving the rejection notice, Hickory Foods resubmitted the Form I-140 petition with the complete ETA Form 9089 attached. Compl. ¶ 26. A week later, on January 14, 2021, Homeland Security rejected the resubmitted Form I-140 petition because the labor certification had expired on December 29, 2020. *Id.* ¶ 27.

After subsequent efforts to obtain an employment visa proved futile, Hickory Foods filed this suit. *See generally id.* The complaint asserts that Homeland Security's decision regarding the company's Form I-140 petition should be set aside under the Administrative Procedure Act for a variety of reasons. *Id.* ¶ 1. Hickory Foods also filed an emergency motion seeking a preliminary injunction prohibiting Homeland Security from rejecting the Form I-140 petition solely because of deficiencies with the labor certification. *See* Pls.'s Emergency Mot., ECF No. 2 at 1. The Government has moved to dismiss the complaint. *See* Defs.'s Mot.

### III.     Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court accepts as true all well-pleaded facts in the complaint, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's

4

obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Id.* at 554–55. The claim to relief must be "plausible on its face," enough to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570. When evaluating the plausibility of a claim, the Court need not ignore an "obvious alternative explanation," *id.* at 567, for the alleged injury: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## IV.   Count I through Count IV

The first four Counts of the Complaint contend that various decisions made by Homeland Security should be set aside under 5 U.S.C. § 706(2)(A) because the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

An agency's action is arbitrary and capricious if it "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The Court presumes the validity of agency action, *see, e.g., Davis v. Latschar*, 202 F.3d 359, 365 (D.C. Cir. 2000), and will not "substitute [its] judgment for that of the agency," *Sioux Valley Rural Television v. F.C.C.*, 349 F.3d 667, 679 (D.C. Cir. 2003). Nevertheless, an agency's judgment and exercise of discretion must turn on reasoned decisionmaking. *See Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016); *Nw. Corp. v. Fed. Energy Regulatory Comm'n*, 884 F.3d 1176, 1179 (D.C. Cir. 2018).

### A.  Count I – Rejection of the First I-140 Petition

Hickory Foods first claims that the agency action should be set aside as not otherwise "in accordance with law" because no rule or regulation requires the submission of a complete ETA Form 9089 for Homeland Security to process a Form I-140 petition.  *See* Pls.'s Opp'n at 2, 9.  As the company sees it, a Form I-140 petition may be processed when the relevant portions of the labor certification make it to the agency in time.  *Id.*  Put differently, Hickory Foods argues Homeland Security should look past the missing pages from its ETA Form 9089 so long as the submitted pages contained the labor certification.

The regulation that governs Hickory Foods' application for an employment visa provides in relevant part that a "benefit request will be rejected if it is not: . . . [f]iled in compliance with the regulations governing the filing of the specific application, petition, form, or request."  8 C.F.R. § 103.2(a)(7)(ii)(C).  A separate regulation also explains that Homeland Security "will not process petitions unless they are supported by an original certified ETA Form 9089 that has been signed by the employer, alien, attorney and/or agent."  20 C.F.R. § 656.17(a)(1).  Likewise, an additional regulation states that "[a] [Form I-140] petition is considered properly filed if it is: (1) Accepted for processing under the provisions of part 103; (2) Accompanied by any required individual labor certification" from the Labor Department.  8 C.F.R. § 204.5(a).

Taking these regulations together goes a long way toward showing why Homeland Security rejected Hickory Foods' Form I-140 petition in accordance with the law.  As the agency explained when it rejected the company's Form I-140 petition, the "labor certification ETA 9089 must be completed by the Department of Labor and submitted with your I-140 application. ETA is missing pages 13-17."  Compl., ECF No. 1-7, Ex. A at 85.  The company, in other words, filed an incomplete ETA Form 9089, which resulted in a determination that the petition was "[im]properly

filed." *See Mutasa v. U.S. Citizenship & Immigr. Servs.*, No. CV2009321KMESK, 2021 WL 1207482, at *4 (D.N.J. Mar. 31, 2021) (upholding the rejection of a Form I-140 petition against an APA challenge because the plaintiff filed an incomplete ETA Form 9089 and failed to cure the defect within the 180-day labor certification validity period).

Hickory Foods challenges this conclusion by asserting that it submitted the labor certification within the 180-day window because what technically qualifies as the labor certification appeared on page 9 of the ETA Form 9089.[2] But even if page 9 captured the technical definition of a labor certification, the applicable regulations explain that Homeland Security certifies *all* the information contained in the ETA Form 9089 when ruling on a Form I-140 petition. *See* 20 C.F.R. § 656.17(a)(1) (noting that Homeland Security "will not process petitions unless they are supported by an original certified ETA Form 9089 that has been signed by the employer, alien, attorney and/or agent."); *Id.* § 656.24(d) ("If a labor certification is granted, . . . the Certifying Officer must send the certified application and complete Final Determination form to the employer, or, if appropriate, to the employer's agent or attorney, indicating the employer may

---

[2] Hickory Foods points to 8 U.S.C. § 1182(a)(5)(A) for the technical definition of a labor certification. That provision states that: "[a]ny alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that—
   (I)     there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and
   (II)     the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." *Id.*

The company also singles out 20 C.F.R. § 656.2(c) for providing the technical definition. That regulation states in relevant part that: an "alien who seeks admission or status as an immigrant for the purpose of employment . . . may not be admitted unless the Secretary of Labor has first certified to the Secretary of State and to the Secretary of Homeland Security that:
   (i)     There are not sufficient United States workers who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor; and
   (ii)     The employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.
(2) This certification is referred to in this part 656 as a 'labor certification.'" *Id.*

7

file all the documents with the appropriate DHS office."). Here, the missing pages from the ETA Form 9089 covered De Jesus's employment history. Pls.'s Opp'n at 15. That valuable information aids both the Labor Department and Homeland Security with deciding whether to grant an employment visa.

### B. Count III – Challenge to Promulgation of 20 C.F.R. § 656.30(b)

In Count III, Hickory Foods contends that the promulgation of 20 C.F.R. § 656.30(b) was "arbitrary and capricious in that it lacked a rational connection between the facts found and the choice made." Compl. ¶ 46. The company also contends that the Labor Department did not consider the substance of many of the comments submitted during the rule-making process. Understanding the thrust of Hickory Foods' challenges to 20 C.F.R. § 656.30(b) requires some background information about how the challenged regulation came into existence.

In early 2006, the Labor Department proposed an amendment to require the filing of an approved labor certification within 45 days of the date the Labor Department granted the certification. *See* Labor Certification for the Permanent Employment of Aliens in the United States; Reducing the Incentives and Opportunities for Fraud and Abuse and Enhancing Program Integrity, 71 Fed. Reg. 7656-01, 7656 (Feb. 13, 2006). The catalyst for the rule arose from the fact that labor certifications never expired under the then-governing regulations, which fostered a black market in which participants bought and sold labor certifications. *Id.* at 7660. Following a notice-and-comment period, the Labor Department promulgated a final rule amending its regulations to require the filing of a labor certification within 180 days of the date the Labor Department granted the certification. *See* Labor Certification for the Permanent Employment of Aliens in the United States; Reducing the Incentives and Opportunities for Fraud and Abuse and Enhancing Program Integrity, 72 Fed. Reg. 27904-01 (May 17, 2007). The Labor Department

settled on 180 days instead of 45 days because the additional time "accommodate[ed] possible delays" resulting from the ebbs and flows of the labor market, which commentators discussed during the rule-making process. *Id.* at 27924.

That history shows why Hickory Foods' claim that the promulgation of 20 C.F.R. § 656.30(b) was "arbitrary and capricious" must fail. The Supreme Court has instructed that an "agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). Courts will also "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974); *Van Hollen, Jr. v. Fed. Election Comm'n*, 811 F.3d 486, 497 (D.C. Cir. 2016).

The Labor Department considered various concerns that delays might prevent Form I-140 petitioners from filing their labor certifications within the proposed 45-day window. The agency's consideration of those comments explains why the final rule allows 180 days (rather than 45 days) to file a labor certification. Stated differently, the agency acknowledged comments about possible delays in filing Form I-140 petitions, and as a result, decided to extend the number of days from 45 to 180. The Court concludes that the Labor Department not only settled on a rational decision based on the facts and comments, but also that the Labor Department's path may be reasonably discerned under the circumstances.

Even assuming that the Labor Department's promulgation of 20 C.F.R. § 656.30(b) was arbitrary and capricious (which it was not), Hickory Foods is likely time-barred from making such a claim. Unless some statute provides otherwise, "civil claims against the United States— including those brought pursuant to the APA—are subject to the statute of limitations contained

in 28 U.S.C. § 2401." *See Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014).  Section 2401 provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).  A "right of action first accrues on the date of the final agency action."  *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 342 (D.C. Cir. 2018) (quotation omitted).  An agency's promulgation of a rule "is unquestionably final agency action."  *Peri & Sons Farms, Inc. v. Acosta*, 374 F. Supp. 3d 63, 70 (D.D.C. 2019) (quotation omitted).

Here, the final rule was published in the Federal Register on May 17, 2007.  *See* 72 Fed. Reg. 27904-01.  Hickory Foods had until May 17, 2013, to challenge the rule, but did not bring this claim until May 3, 2021.  *See* Compl.  Count III is therefore likely barred by the statute of limitation.

### C.  Count II & IV – Rejection of the I-485 Applications

In Count II and Count IV, Hickory Foods contends that the rejections of the De Jesus' Form I-485 petitions were unlawful under § 706(2) of the APA.  *See generally* Compl.

An approved Form I-140 petition comes before the approval of a Form I-485 petition.  *See* 8 U.S.C. § 1255(a); *George v. Napolitano*, 693 F. Supp. 2d 125, 128 (D.D.C. 2010) ("Because Mr. George lacked prior approval of an I–140 Petition for a work visa, the USCIS was compelled to deny his I–485 Application.").  To put the point differently, if Homeland Security "denies or revokes an I-140 petition, it will also deny any dependent, pending I-485 adjustment of status petition."  *Kompella v. United States Citizenship & Immigr. Servs.*, No. CV-20-00190-PHX-DJH, 2021 WL 3883589, at *1 (D. Ariz. Aug. 31, 2021).

In contrast to Hickory Foods' view, then, there is no chicken-or-the-egg problem here.  Instead, this is a classic egg-and-then-the-chicken:  the Form I-140 petition comes first, then the

Form I-485 petitions. Here, Homeland Security denied the company's Form I-140 petition. Homeland Security therefore properly denied the derivative Form I-485 petitions.

## V.   Count V

In Count V, Hickory Foods asserts that that "[b]y improperly rejecting (twice) the plaintiffs' forms I-140 and I485, . . . the USCIS have unlawfully withheld a decision on the plaintiffs' said petition and applications," which, in the company's view, violates § 706(1) of the APA. *See* Compl. ¶ 51.

Section 706(1) of the APA empowers a court to "compel agency action unlawfully withheld or unreasonably delayed." A "claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

Here, the agency acted on the Form I-140 petition when it denied the application. Just because the agency rendered a decision that conflicted with Hickory Foods' desired outcome does not mean that the agency withheld a decision on the Form I-140 petition. The agency made a decision; it just happens to be one the company dislikes.

One last note. Hickory Foods filed its Form I-140 petition on December 23, 2020, even though the labor certification it had received in early July expired only a couple days later on December 29, 2020. Compl. ¶ 22. Had it simply acted earlier, the government may very well have granted Hickory Foods the very outcome it seeks here.

## VI.   Conclusion

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED**. Hickory Foods' Motion for a Preliminary Injunction is **DENIED** as moot. An Order will be entered contemporaneously with this Memorandum Opinion.

It is so **ORDERED**.

DATE:  October 8, 2021

_____
CARL J. NICHOLS
United States District Judge